UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVELYN ANGERON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1001** |
| **BIG LOTS STORES, INC., ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Remand** (Rec. Doc. 9) is **GRANTED**, and the matter is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

## BACKGROUND

Plaintiffs, Evelyn and Byron Angeron, Louisiana citizens, filed this action against Big Lots Stores, Inc. ("Big Lots"), an Ohio citizen, and Gregory Ellis, a Louisiana citizen, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Plaintiffs allege that Evelyn Angeron was injured when she tripped over the base of a merchandise shelf, colliding with a large column at the Big Lots store located in Houma, Louisiana. She alleges that the obstructing shelf base was approximately three inches tall, and left exposed because a shelf had either been removed from it, or had not yet been placed on it in the course of assembling it. Ellis was the store manager at the time of the accident. Plaintiffs allege that Ellis was personally

responsible for the creation of that hazard, for failing to warn Mrs. Angeron of the hazard's existence, and for not removing the encumbrance before Mrs. Angeron entered the store.

Big Lots removed the action to the United States District Court for the Eastern District of Louisiana alleging that the court has diversity subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. Big Lots alleges that the Louisiana defendant, Ellis, was improperly joined because all of the allegations against Ellis stem from Ellis' general administrative responsibilities as manager, and thus are technical or vicarious fault for which he cannot be held personally liable.

Plaintiffs filed the instant motion to remand, arguing that Ellis was not improperly joined, because he is potentially personally liable for plaintiffs' damage.

## DISCUSSION

**A.     Legal Standard for Motions to Remand**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts

regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**B. Diversity Subject Matter Jurisdiction under § 1332(a)**

Defendants removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States. Defendants contend that the Angerons are Louisiana citizens, and the properly joined defendant, Big Lots, is not. They argue that Ellis, a Louisiana citizen, was improperly joined solely to defeat diversity subject matter jurisdiction.

**1. Improper Joinder**

Defendants argue that Ellis' citizenship should be disregarded for the purposes of establishing subject matter jurisdiction because he was improperly joined considering that the Angerons cannot maintain claims against him under Louisiana law.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the allegedly improperly joined parties in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The United States Court of Appeals for the Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which

> stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.
>
> \*\*\*
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases,...in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In which cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id. (citations omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). When reviewing an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.' " Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995) (quoting B., Inc., 663 F.2d at 549). Further, the court must resolve all ambiguities in the controlling state law in the plaintiff's favor. Id.

**2. The Angerons' Cause of Action Against Ellis**

Because defendants do not claim that plaintiffs committed actual fraud in the pleadings, the sole issue for determining whether Ellis is improperly joined is whether the plaintiffs would be able to establish a cause of action against him in Louisiana state court. See Smallwood, 385 F.3d at 573. In Canter v. Koehring Co., 283 So.2d 716, 722 (La. 1973)(superseded by statute on other grounds), the Supreme Court of Louisiana stated:

> The failure to act as required by the employment duty may deprive the third person of a protection owed [her] by the principal or employer, and such risk of harm because of the breach may have been reasonably foreseeable. Thus, the breach of the duty imposed by the employment or agency relationship may, under general tort principles, be actionable negligence because of the creation or maintenance thereby of an undue risk of harm to others.

(citations omitted).

An employee is liable to a third-person damaged by reason of the breach of an employment-imposed duty under the following circumstances:

> 1) The principal or employer owes a duty of care to the third person, ...breach of which has caused the damage for which recovery is sought.
>
> 2) This duty is delegated by the principal or employer to the defendant.
>
> 3) The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

Id. at 721.

The Fifth Circuit echoed the fourth item above when it recognized that a critical factor in determining whether a manager has personal liability is whether the manager "was aware or should have been aware of a risk of harm and nevertheless failed to respond to the risk in the manner in which a reasonably prudent plant manager would respond in the same or similar circumstances." Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994).

The Angerons were invitees of Big Lots, and thus were owed a duty of care. They allege that the duty was delegated to Ellis as the store manager. They further allege that Ellis breached a personal duty to ensure Mrs. Angeron's safety in the store beyond his routine employment function or general administrative duties. Specifically, they allege that Ellis had personal knowledge that Mrs. Angeron was visually impaired, personally interacted with her both before and after the incident, and had personal knowledge of the defective structure that caused her injury because he personally participated in the partial assembly or disassembly of the defective structure that caused Mrs. Angeron's injury. They further allege that after the incident, Ellis told Plaintiffs, "I told them to fix this," while referring to the shelf base upon which she tripped.

Thus, plaintiffs have alleged both that Ellis was personally involved in creating the hazard, and that despite his actual knowledge failed to remedy the hazard. The court finds that these allegations against Ellis allege a failure to act that exceeds his general administrative responsibilities as manager. Accordingly, defendants have not demonstrated that there is no possibility of recovery by plaintiffs in a cause of action for negligence against Ellis, an in-state defendant. The court therefore lacks jurisdiction, and plaintiffs' motion to remand is granted, and the case is remanded to state court.

## CONCLUSION

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Remand** (Rec. Doc. 9) is **GRANTED,** and the matter is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

New Orleans, Louisiana, this   29th   day of April, 2020.

*/s/ Mary Ann Vial Lemmon*
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**